IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>TOMEKA LATOYA LIGGANS,<br><br>     Debtor. | Case No. 12-34560-KRH<br>Chapter 7 |
| WEINSTEIN MANAGEMENT<br>COMPANY, INC.,<br><br>     Movant,<br><br>  v.<br><br>TOMEKA LATOYA LIGGANS,<br><br>     Respondent. | |

**WEINSTEIN MANAGEMENT COMPANY INC.'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

Weinstein Management Company, Inc. ("Weinstein"), by counsel, respectfully submits

the following Motion for Relief from the Automatic Stay (the "Motion"), and in support thereof

alleges and states as follows:

Sheila deLa Cruz (VSB No. 65395)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:      804.644.0957
E-mail:      sdelacruz@hf-law.com
         fcragle@hf-law.com

*Counsel for Weinstein Management Company, Inc.,
as agent for Belmont Associates, L.C.
trading as Townes at Belmont Hills*

## JURISDICTION AND VENUE

1.      This Motion is filed pursuant to section 362(d) of the United States Bankruptcy

Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 4001(a) and 9041, and

Local Bankruptcy Rule 4001(a)-1, seeking relief from the automatic stay of § 362(a) of the

Bankruptcy Code, to the extent that the automatic stay applies.

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, and venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This is a core proceeding within the meaning of the Bankruptcy Code.

## FACTUAL BACKGROUND

4.      On August 24, 2012, Tomeka Liggans (the "Debtor") and Belmont Associates,

L.C., trading as Townes at Belmont Hills (the "Landlord"), entered into a residential Lease

Agreement (the "Original Lease").  Pursuant to the Lease, Weinstein is the Landlord's sole agent

and is authorized to act on behalf of the Landlord, including filing the instant Motion.  Pursuant

to the Lease, the Landlord agreed to rent to the Debtor the leased premises located at 4176

Lamplighter Court, Richmond, VA 23234 (the "Leased Premises") with the lease period

terminating on August 25, 2013.  In exchange, the Debtor to pay monthly rent in the amount of

$850.00 (the "Original Monthly Rent").

5.      On July 5, 2013, the Debtor entered into a Lease Agreement Addendum (the

"Addendum" and collectively with the Original Lease, the "Lease") with the Landlord.  A true

and correct copy of the Original Lease, including the Addendum, is attached hereto and

collectively marked as **Exhibit A**. Pursuant to the Addendum, the lease period was extended,

terminating on August 24, 2014.  The Original Monthly Rent was increased to $876.00 (the

"Monthly Rent").

6.      In addition to the Monthly Rent, the Debtor agreed to be assessed certain late charges and penalties in the event she failed to make timely Monthly Rent payments (collectively with the Monthly Rent, the "Total Rent Payments").  See Exhibit A at ¶¶ 3, 30.

7.      On August 2, 2012 (the "Petition Date"), the Debtor filed a voluntary Petition for bankruptcy relief pursuant to Chapter 13 of the Bankruptcy Code (the "Petition").

8.      Neither the Landlord nor Weinstein were listed in the Debtor's Petition and neither the Landlord nor Weinstein received notice of the Debtor's bankruptcy filing.

9.      On January 15, 2014, the Landlord filed a Request for Writ of Possession in Unlawful Detainer Proceedings (the "Unlawful Detainer") in the Chesterfield County General District Court, Case No. GV14000876-00.

10.     A hearing on the Unlawful Detainer was held on February 6, 2014.  At the February 6 hearing, the Court awarded judgment in favor of the Landlord in the principal amount of $582.69, costs of $52.00, and fees of $85.00, and six percent interest from the date of judgment.  The Court further awarded the Landlord possession.

11.     On February 14, 2014 (the "Conversion Date"), the Debtor converted her Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code.

12.     On February 14, 2014, the Debtor filed amended Schedules and Statements.  The Debtor's amended Schedule G included the Landlord.

13.     On February 14, 2014, the Debtor filed her required Certification Concerning Unpaid Debts Pursuant to Local Rule 1017-1(A).  The Debtor certified that she has an account balance with the Landlord in the amount of $600.00, which account balance accrued post-Petition Date and pre-conversion.

3

14.     As of the Conversion Date, the Debtor was indebted to Landlord for post-Petition

Date, pre-Conversion Date Total Rent Payments in the amount of $1,909.01.   From the

Conversion Date to the filing of this Motion, the post-Petition, post-Conversion Date Total Rent

Payments owed are $878.99.   Attached hereto as **Exhibit B** is a true and accurate Account

Statement which reflects the aforementioned amounts of Total Rent Payments owed by the

Debtor to the Landlord.

**ARGUMENT**

15.     Weinstein, as the Landlord's agent, seeks an entry of an Order by this Court to lift

the automatic stay imposed by Section 362 of the Bankruptcy Code, to the extent that the

automatic stay applies, in order to allow Weinstein to terminate the Lease, to regain possession

of the Leased Premises, and to exercise any and all state remedies against the Debtor as set forth

in the provisions of the Lease, including but not limited to continuing eviction proceedings in

state court against the Debtor, in order to regain possession of the Leased Premises.

16.     Section 362(a) of the Bankruptcy Code provides, in pertinent part:

(1)     the commencement or continuation, including the issuance
        or employment of process, of a judicial, administrative, or
        other action or proceeding against the debtor that was or
        could have been commenced before the commencement of
        the case under this title, or to recover a claim against the
        debtor that arose before the commencement of the case
        under this title;

(2)     the enforcement, against the debtor or against property of
        the estate, of a judgment obtained before the
        commencement of the case under this title;

(3)     any act to obtain possession of property of the estate or of
        property from the estate or to exercise control over property
        of the estate;

*****

(6)     any act to collect, assess, or recover a claim against the
        debtor that arose before the commencement of the case
        under this title . . . .

11 U.S.C.  362(a).

17.     Whether the automatic stay applies to prevent Weinstein to terminate the Lease,

to regain possession of the Leased Premises, and to exercise state remedies turns on the date of

commencement of the case and whether the Lease constitutes property of the estate.

18.     Section 348 of the Bankruptcy Code provides that "[c]onversion of a case from a

case under one chapter of this title to a case under another chapter of this title constitutes an

order for relief under the chapter to which the case is converted, but . . . does not effect a change

in the date of the filing of the petition, the commencement of the case, or the order for relief." 11

U.S.C § 348(a).

19.     Thus, the date of commencement of the Debtor's case is and remains August 2,

2012.  As the Lease was not executed until after the commencement of the Debtor's case (*i.e.*

August 24, 2012), Weinstein had no claim or judgment prior to the commencement of the

Debtor's case.  The claim and judgment arose post-commencement, pre-Conversion Date.

20.     Section 348 of the Bankruptcy Code further provides that, in a conversion from

Chapter 13, "property of the estate in the converted case shall consist of property of the estate, as

of the date of filing of the petition, that remains in the possession of or is under the control of the

debtor on the date of conversion." 11 U.S.C.  348(f)(1)(A).

21.     The date of filing of the petition is and remains August 2, 2012.  See 11 U.S.C.

§ 348(a).  As the Lease was not executed until after the Petition Date (*i.e.* August 24, 2012), the

Debtor did not have an interest in the Lease such that the Lease would constitute property of the

estate.

22.     Accordingly, the automatic stay does not apply to prevent Weinstein from terminating the Lease, taking action to regain possession of the Leased Premises, and exercising any and all state remedies against the Debtor as set forth in the provisions of the Lease, including but not limited to continuing eviction proceedings in state court against the Debtor, in order to regain possession of the Leased Premises.

23.     To the extent that the Court determines the automatic stay does apply, Weinstein maintains that there is cause for relief from the automatic stay.  Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1)     for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section if –
>
> (A)     the debtor does not have any equity in such property; and
>
> (B)     such property is not necessary for an effective reorganization.

24.     The term "cause" is not defined by the Bankruptcy Code.  Consequently, it is for the Court to determine what constitutes cause on a case-by-case basis.  See Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992).  In deciphering whether cause has been shown, "[t]he court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Id.

25.     Here, sufficient cause exists to lift the stay for several reasons.  First, the Debtor

has a post-Petition, post-Conversion arrearage of $878.99.  The Debtor has failed to make all the

required Total Rent Payments, as evidenced by Exhibit B.

26.     Second, the Debtor has no equity in the Lease or the Leased Premises.

27.     Third, the Lease is not necessary for an effective reorganization because the

Debtor does not own the Leased Premises and can likely find less expensive housing elsewhere.

28.     Finally, under the aforementioned circumstances, it would be appropriate for the

Court to waive the Rule 4001(a)(3) fourteen-day stay of the Order granting the relief requested

herein.

29.     For these reasons, the Landlord is entitled to relief from the automatic stay under

Section 362(d)(2) of the Bankruptcy Code.

### WAIVER OF MEMORANDUM OF LAW

30.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel

issues of law presented in the Motion and all applicable authority is set forth in the Motion,

Weinstein requests that the requirements that all motions be accompanied by a separate

memorandum of law be waived.

### CONCLUSION

Based on the foregoing, Weinstein respectfully requests entry of an Order, substantially

similar to the proposed Order attached hereto as **Exhibit C** (i) lifting the stay, to the extent that

the automatic stay applies, so that the Landlord and/or Weinstein may terminate the Lease to

regain possession of the Leased Premises, and exercise any and all state remedies against the

Debtor as set forth in the provisions of the Lease, including but not limited to continuing eviction

proceedings in state court against the Debtor in order to regain possession of the Leased

Premises; (ii) waiving the fourteen-day stay set forth in Rule 4001(a)(3); and (iii) granting the

Landlord and/or Weinstein such other and further relief as this Court deems just and proper.

Dated: March 5, 2014                    WEINSTEIN MANAGEMENT COMPANY, INC.


                                        /s/ Franklin R. Cragle, III
                                        Sheila deLa Cruz (VSB No. 65395)
                                        Franklin R. Cragle, III (VSB No. 78398)
                                        HIRSCHLER FLEISCHER, P.C.
                                        The Edgeworth Building
                                        2100 East Cary Street
                                        Post Office Box 500
                                        Richmond, Virginia 23218-0500
                                        Telephone:    804.771.9500
                                        Facsimile:    804.644.0957
                                        E-mail:       sdelacruz@hf-law.com
                                                      fcragle@hf-law.com


                                        *Counsel for Weinstein Management Company, Inc.,*
                                        *as agent for Belmont Associates, L.C.*
                                        *trading as Townes at Belmont Hills*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2014, a true and correct copy of the foregoing was served <u>via</u> the Court's ECF filing system, and was also sent <u>via</u> first-class mail, postage pre-paid and addressed as follows:

Tomeka LaToya Liggans
4176 Lamplighter Court
Richmond, VA 23234
   *Debtor*

Laura Taylor Alridge
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
   *Counsel for the Debtor*

Bruce H. Matson
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA 23218-2499
   *Chapter 7 Trustee*

Office of the United States Trustee
Attn: Robert B. Van Arsdale, Esquire
701 East Broad Street, Room 4300
Richmond, Virginia 23219
   *Assistant U.S. Trustee*

        /s/ Franklin R. Cragle, III
           Counsel

9